UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAGONDRA THOMPSON-ADAMS,

    Plaintiff,

v.

RENZENBERGER, INC.,

    Defendant.

No. 10 C 54
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff filed her two-count complaint alleging sexual harassment in violation of Title VII and intentional infliction of emotional distress. Plaintiff alleges that during the course of her employment with Defendant she was sexually harassed on multiple occasions and that her supervisors failed to properly address her concerns. Defendant now moves to dismiss Plaintiff's second count alleging intentional infliction of emotional distress pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, Defendant's motion is granted.

## I. Background

Plaintiff is a female who began working as a driver for Defendant on June 15, 2009. At the time, Plaintiff was one of only a few female drivers. Plaintiff alleges that she was subjected to sexual harassment by Defendant's employees and employees of Indiana Harbor Belt, a location where Plaintiff performed some of her job responsibilities.

Plaintiff alleges that she was first harassed by a male trainer at the start of her employment with Defendant. This harassment ceased when she told this trainer that she would resign unless the harassment stopped. Next, Plaintiff alleges that another male driver, Watson, made harassing phone calls to her home and touched her in an inappropriate manner. Plaintiff

immediately complained to her Yard Supervisor Donna and On the Job Trainer Ron Springfield. As a consequence, Watson was transferred off of Plaintiff's shift. Plaintiff alleges that Watson's continued employment with Defendant and his criminal record caused Plaintiff to suffer severe emotional distress and caused Plaintiff to change her address and telephone number. On November 29, 2009 Plaintiff learned that Watson was speaking about her in a sexual manner to his coworkers. Plaintiff informed her Yard Supervisor Donna of her concerns, but no action was taken.

In August 2009 Plaintiff alleges that a male driver, Ferrell, referred to Plaintiff as a "bitch" in a threatening manner causing her to suffer fear of imminent bodily harm. Yard Supervisor Donna witnessed the incident but did not call the police or discipline Ferrell. Then, in November 2009, Plaintiff alleges that male Yard Supervisor Tim Bonner and male drivers Timothy Fox and Tory Thompson began to send sexually explicit picture messages to her cell phone.

Plaintiff further alleges that she experienced sexually harassing comments at Indiana Harbor Belt from four male conductors. Plaintiff reported all comments to her Yard Supervisor Donna but her concerns were not addressed. Plaintiff also reported her harassment to the Site Supervisor Tim Fox but again no remedial action was taken. On December 3, 2009, Ed Mitchim, a male conductor at Indiana Harbor Belt, propositioned Plaintiff for sex in exchange for money. After this proposition, Plaintiff complained to Indiana Harbor Belt personnel, but did not notify Defendant. Yard Supervisor Donna admonished Plaintiff for failing to report this sexual harassment to Defendant.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6) requires that I analyze the legal sufficiency of the complaint, and not the factual merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir.1998). I must take all facts alleged in Plaintiff's complaint as true and draw all reasonable inferences from those facts in favor of Plaintiff. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir.1992). Plaintiff, for her part, must do more than solely recite the elements for a violation; she must plead with sufficient particularity so that her right to relief is more than a mere conjecture. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must plead her facts so that, when accepted as true, they show the plausibility of her claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiff must do more than plead facts that are "consistent with Defendants' liability" because that only shows the possibility, not the plausibility, of her entitlement to relief. *Id.* (internal quotations omitted).

The same standard applies to a motion based on standing under 12(b)(1). *Freiburger v. Emery Air Charter, Inc.*, 795 F.Supp. 253, 256-57 (N.D. Ill.1992) (citations omitted). The plaintiff bears the burden of establishing that she meets the requirement of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

## III. Discussion

Defendant asks that I dismiss Plaintiff's second count alleging intentional infliction of emotional distress ("IIED") on three grounds. First, Defendant argues that Plaintiff's IIED claim is preempted by both the Illinois Human Rights Act, 775 ILL. COMP. STAT. 5.2-101, *et seq.*[1], and

---

[1] Defendant withdrew its IHRA preemption argument in light of this Court's reconsideration in *Boring v. World Gym-Bishop, Inc.*, 2008 WL 410638 (N.D. Ill. Feb. 13, 2008) as noted by Plaintiff in her response brief.

3

the Illinois Workers' Compensation Act, 820 ILL. COMP. STAT. 305/1, *et seq.* Second, Defendant argues that even if Plaintiff's IIED claim is not preempted, Plaintiff has not plead facts sufficient to constitute "extreme and outrageous" conduct. Finally, Defendant argues that to the extent that Plaintiff's IIED claim relies on the conduct of third party non-employees, it should be dismissed.

In her complaint, Plaintiff states that she "seeks respondeat superior liability against Defendant for the tortious conduct of her supervisors and supervisory personnel, including, without limitation, Yard Supervisor Donna." The Illinois Workers' Compensation Act ("IWCA") is an employee's exclusive remedy for "accidental" injuries sustained in the course of employment. *McPherson v. City of Waukegan*, 379 F.3d 430, 442 (7th Cir. 2004). The Illinois Supreme Court has stated that intentional torts committed by co-employees are considered "accidental" for purposes of the IWCA "unless the employer has commanded or expressly authorized" the act. *Meerbrey v. Marshall Field & Co., Inc.*, 564 N.E.2d 1222, 1227 (Ill. 1990). Plaintiff argues that her IIED claim is not barred by the IWCA because Yard Supervisor Donna and other supervisory employees were alter egos of the Defendant when they intentionally caused her distress. Indeed, the IWCA does not bar causes of actions against an employer for injuries which the employer, or its alter ego, intentionally inflicts upon an employee. *Meerbry*, 564 N.E.2d at 1226. To determine whether an individual is acting as the alter ego of a defendant, a court must consider factors such as: (1) the employee's dominance in the company; (2) whether the individual has an ownership interest in the company; and (3) whether the individual "speaks for the company" in that he has "final decision making authority." *Newman v. Hansen*, No. 01 C 9871, 2002 WL 31455990 at *5 (N.D.Ill. Nov. 1, 2002); *See Al-Dabbagh v. Greenpeace, Inc.*, 873 F.Supp. 1105, 1114 (N.D.Ill. 1994). Plaintiff has failed to allege any facts to support alter

4

ego theory. Furthermore, the Seventh Circuit has held that Plaintiff's asserted theory of respondeat superior liability is "insufficient to overcome the presumptive effect of the IWCA." *McPhereson*, 379 F.3d at 442. Accordingly, Plaintiff's IIED claim must be dismissed because it is preempted by the IWCA.

Finally, I note that regardless of the IWCA's preemption of Plaintiff's claim, Plaintiff's allegations fall short of the level of extreme and outrageous conduct contemplated by the Illinois Supreme Court as necessary to sustain such a claim. *See Pavlik v. Kornhaber*, 761 N.E.2d 175, 186 (Ill.App.Ct. 2001), *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 87-88 (Ill. 2003).

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss count II of Plaintiff's complaint is granted.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: March 25, 2010

5